NUMBER 13-99-045-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

GLEN LACY DURHAM , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________
On appeal from the 105th District Court

of Kleberg County, Texas.

___________________________________________________________________

OPINION ON REHEARING


Before the Court En Banc (1)

Opinion by Justice Dorsey

 This case is before the Court on the State's motion for rehearing. At trial, Glen Lacy Durham was convicted of murder and
first degree felony injury to a child. Durham appealed his convictions to this Court. On original submission, the State did
not honor us with a written brief. In a divided opinion, this Court reversed Durham's convictions. The State then filed this
motion for rehearing. On reconsideration, we withdraw our original opinion and affirm the convictions of the trial court.

 Durham was convicted of murdering his own 12-year-old son. In his appeal, he argued that inadmissible hearsay was
admitted at trial, causing reversible error. Two statements are at issue, both of which were offered at trial through the
testimony of a Department of Human Services employee. The first statement was that Clayton Durham, the victim, told the
DHS employee that he feared that his father, the appellant, was going to kill him. The other statements were statements
made by the victim to the DHS employee detailing several incidences of physical abuse perpetuated against the victim by
the appellant.

 We begin with the victim's statements that he feared his father would kill him. We agree with Durham's contention that the
testimony containing those statements is hearsay. Tex. R. Evid. 802. As a general rule, "hearsay" is a statement, other than
one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter
asserted. Tex. R. Evid. 801(d). It is an exception to the rule against hearsay if the statement is a statement of "then existing
mental, emotional, or physical condition." Tex. R. Evid. 803(3). The rule states that:

 A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan,
motive, design, mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact
remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Id. The victim's statements that he feared Durham was going to kill him are statements regarding his fear, which amount to
statements of his then existing state of mind, emotion and sensation.

 The DHS employee gave this testimony in response to the question of whether the victim expressed a fear for his life. The
victim's state of mind when the victim is a child is statutorily relevant. See Tex. Code Crim. Proc. Ann. art. 38.37(2)(1)
(Vernon Supp. 2000) (providing that evidence of other crimes, wrongs, or acts committed by the defendant against the
child-victim in assaultive offenses are admissible for relevant matters, including the child's state of mind). We hold that the
statements that Clayton Durham made to the DHS employee that he feared he would be killed are more appropriately
characterized as statements of "fear" that he would be killed, rather than statements of "belief" that he would be killed. See
McDonald v. State, 911 S.W.2d 798 (Tex. App.--San Antonio 1995, pet. dism'd), and Williams v. State, 927 S.W.2d 752
(Tex. App.--El Paso 1996, pet. ref'd).

 The next category of statements is the statements made by the victim detailing incidents of physical abuse. The DHS
employee testified that the victim said the appellant hit him with a rubber hose and a chain from a car engine, and also that
the appellant caused him to be hit in the head with a brick. This testimony is hearsay that does not fall within any
exception. However, because of the substantial cumulative evidence of physical abuse of the victim by appellant, we
conclude that the trial court's admission of this evidence does not require reversal of Durham's convictions. See Tex. R.
App. P. 44.2(b).

 A violation of the rules of evidence resulting in the erroneous admission of evidence is non-constitutional error. See
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). When reviewing non-constitutional error, we must
disregard the error unless it affected the appellant's substantial rights. See Tex. R. App. P. 44.2(b). "A substantial right is
affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). There is no reversible error shown when alleged hearsay evidence is
cumulative of the same properly admitted evidence. See Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986);
Nixon v. State, 940 S.W.2d 687, 690 (Tex. App.--El Paso 1996, writ ref'd).

 At the trial, Alejos Gomez testified without objection that the appellant told him he whipped the victim on the morning of
his death and then beat him again with a board and put him in the bathroom. Gomez testified he witnessed appellant beat
the victim massively all over his body on other occasions with a belt or whatever he could find. Several witnesses testified
without objection that appellant discussed disciplining and beating or whipping the victim, and other witnesses testified to
witnessing physical abuse. In light of this evidence and considering the entire record, we hold that the trial court's
admission of the hearsay testimony at issue did not affect appellant's substantial rights. See Tex. R. App. P. 44.2(b).

 Having overruled both appellant's points of error, we affirm the convictions of the trial court.

______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 22nd day of February, 2001.

1. Senior Justice Robert J. Seerden assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).